**TEXAS & P. RY. CO. v. WARD COUNTY IRR. DIST. NO. I. (No. 1240.)***

(Court of Civil Appeals of Texas. El Paso. Nov. 22, 1923. Rehearing Denied Jan. 3, 1924.)

**I. Limitation of actions ⚒➡II(3)—General statutes of limitation apply to actions by municipalities to recover taxes unless exempted by statute.**

In actions to recover taxes by municipalities, the general statutes of limitation apply, unless the same be exempted from the operation of those laws by some other statutory provision.

**2. Limitation of actions ⚒➡4(2)—Statute limiting action by municipality to recover taxes held not unconstitutional.**

The two-year statute of limitations against a municipality to recover taxes held not in conflict with Const. art. 3, § 55, providing that the Legislature shall have no power to release or extinguish indebtedness of any corporation or individual to any county or other municipal corporation.

**3. Limitation of actions ⚒➡II(4)—Two-year statute held applicable to suit by irrigation district to recover taxes.**

A county irrigation district being a quasi municipality incorporated under Acts 33d Leg. (1913) c. 172, and Acts 35th Leg. (1915) c. 87 (Vernon's Ann. Civ. St. Supp. 1918, art. 5107—1 et seq.), is not a municipality of the kind designated in Rev. St. art. 7662, providing that no delinquent taxpayer shall plead any statute of limitations in defense against the payment of taxes, and hence the two-year statute of limitation is applicable in an action by the district to recover taxes.

Appeal from District Court, Ward County; Chas. Gibbs, Judge.

Suit by Ward County Irrigation District No. 1 against the Texas & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Geo. Thompson, of Dallas, Jno. B. Howard. of Pecos, and R. S. Shapard, of Dallas, for appellant.

H. G. Russell, of Pecos, Birge Holt, of Barstow, and W. A. Hudson and J. E. Starley, both of Dallas, for appellee.

HIGGINS, J. This suit was brought by appellee against appellant to recover taxes for the years 1914 to 1919, inclusive, levied by appellee against the property of appellant included within the irrigation district. The suit was filed December 17, 1919. The defendant attacked the validity of the assessment and levy against it and by special exception also set up that the taxes for the years 1914 to 1917, inclusive, were barred by limitation. This exception was overruled and judgment rendered as prayed for by the plaintiff. Upon appeal the question as to the validity of the tax was certified to the Supreme Court, which upheld its validity. 251 S. W. 212. All assignments relating to the validity of the tax are therefore overruled.

[1] The issue as to limitation remains to be decided. In actions to recover taxes by municipalities, the general statutes of limitation apply unless the same be exempted from the operation of those laws by some other statutory provision. Mellinger v. City of Houston, 68 Tex. 37, 3 S. W. 249; Railway v. Travis County, 62 Tex. 18; Delta

County v. Blackburn, 100 Tex. 51, 93 S. W. 419.

[2] In this connection the appellee asserts it is not competent for the Legislature to prescribe limitation against a municipality upon an indebtedness due it because in conflict with section 55, art. 3, of the Constitution, which provides:

"The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any incorporation or individual, to this state, or to any county or other municipal corporation therein."

In support of this proposition, Ollivier v. City of Houston, 93 Tex. 201, 54 S. W. 940, 943, is cited. But the Ollivier Case is not authority in support of the broad proposition contended for by appellee. The distinguishing feature of that case is readily apparent upon inspection, and it would serve no good purpose to here discuss the same. The Mellinger Case, in effect, recognizes the validity of a statute of limitation barring a municipality from the recovery of taxes after the lapse of two years, and it has been definitely held that such a statute does not infringe upon section 55, art. 3, of the Constitution. City of San Antonio v. Johnson (Tex. Civ. App.) 186 S. W. 866. In further support of the validity of such laws, see, also, Link v. City of Houston, 94 Tex. 378, 59 S. W. 566, 60 S. W. 664, and City of Houston v. Stewart, 40 Tex. Civ. App. 499, 90 S. W. 49.

So the question narrows to a consideration of whether the operation of the two-year statute against appellee is removed by article 7662, R. S., which reads:

"No delinquent taxpayer shall have the right to plead in any court or in any manner rely upon any statute of limitation by way of defense against the payment of any taxes due from him or her either to the state or any county, city or state (town)."

The plaintiff in this suit is a quasi municipality incorporated under chapters 172 and 87, Acts of the 33d and 35th Legislatures (Vernon's Ann. Civ. St. Supp. 1918, art. 5107—1 et seq.), respectively.

In Snoddy v. Cage, 5 Tex. 106, it is said:

"It is a formulary not to be questioned, that unless persons are under the disabilities expressly mentioned in the statute, they cannot be exempted from its operation, by judicial construction."

Angell on Limitations (6th Ed.) § 476, says:

"Unless persons are under the disabilities expressly mentioned in the statute they cannot be exempted from its operation by judicial construction."

See, also, sections 194 and 485 to 488.

In Wood on Limitations (3d Ed.) § 252, it is said:

"A saving or exception not found in the statute will not be implied, however much it may be within the reason of other exceptions."

17 R. C. L. 688, says:

"The general principle recognized to-day for the construction of statutes of limitation is that unless some ground can be found in the statute for restraining or enlarging the meaning of its general words, they must receive a general construction, and that the courts cannot arbitrarily subtract from or add thereto, and cannot create an exception where none exists, even when the exception would be an equitable one. The statute of limitations is considered as intended to embrace all causes of action not specially excepted from its operation, and it should not be so construed as to defeat that object."

The rules thus stated by the text-writers are abundantly supported by the decisions, a few of which are here cited, viz.: Alabama Bank v. Dalton, 9 How. 522, 13 L. Ed. 242; Barnes v. Glide, 117 Cal. 1, 48 Pac. 804, 59 Am. St. Rep. 153; Tynan v. Walker, 35 Cal. 634, 95 Am. Dec. 152.

[3] The appellee is not a municipality of the kind designated in Rev. St. art. 7662. It not being expressly excepted from the operation of the general statute of limitation, we are of the opinion that such statute runs against it. It may be that the same reason exists for its exemption as in the case of other municipalities of the kind named in article 7662, but that affords no reason why the courts should imply an exception which the Legislature has omitted.

It is true that in Holt v. State, 176 S. W. 748, the Galveston court expressed the view that article 7662 should be construed to embrace taxes levied for the benefit of a drainage district or other quasi municipality. That was a suit to recover taxes levied by the commissioners' court for the benefit of a drainage district. In the case of drainage districts the commissioners' court assess and levy the taxes; it has the authority to enforce collection, and the suit is to be brought in the name of the state. But in the case of this appellee the assessment, levy and collection of the taxes is independent of the commissioners' court, and suit to collect must be brought in the name of the district. Article 5107—45, Complete Texas Statutes 1920. Furthermore, in the Holt Case it was held that the two years had not elapsed when the suit was brought. These features of the Holt Case, in our opinion, distinguish it from the present suit.

It is therefore held that the taxes for 1914, 1915, and 1916 were barred by limitation. The taxes for 1917 did not become delinquent until January 31, 1918 (article 5107—40, Complete Texas Statutes 1920), and the suit as to the taxes for that year was filed in time.

The judgment of the lower court will be modified by eliminating the recovery of the taxes for the years 1914, 1915, and 1916, and affirmed as thus modified.