STATE to Use of ELLIS COUNTY LEVEE IMPROVEMENT DIST. NO. 3 v. LEMOND et al.   (No. 9777.)*

(Court of Civil Appeals of Texas. Dallas. June 19, 1926. Rehearing Denied Oct. 16, 1926.)

1. Levees and flood control ⊜⊸2.

Canales Act makes general statutes relating to assessment and collection of county taxes, whether delinquent or otherwise, apply to levee improvement district taxes.

2. Levees and flood control ⊜⊸27.

Rev. St. 1925, art. 7298, prohibiting delinquent taxpayer from pleading statute of limitation, applies to collection of delinquent taxes for levee district organized under Canales Act.

On Motion for Rehearing.

3. Levees and flood control ⊜⊸27.

Person, not owner of land at time levee district taxes accrued, is not personally liable therefor.

Appeal from District Court, Ellis County; W. L. Harding, Judge.

Suit by the State, for the use and benefit of the Ellis County Levee Improvement District, against James N. Lemond and others. From a judgment for defendants, plaintiff appeals. Reversed and rendered.

W. P. Dumas, of Dallas, and Goree, Odell & Allen, of Fort Worth, for appellant.

C. M. Supple, of Waxahachie, and I. M. Williams and W. J. Rutledge, Jr., both of Dallas, for appellees.

LOONEY, J. This suit was brought in the name of the state pro forma for the use and benefit of Ellis County Levee Improvement District No. 3, against appellees, to enforce collection of delinquent taxes for the years 1919–1921, inclusive, regularly levied on and assessed against 292.2 acres of land situated within the district.

The defense urged was that the claim for taxes due for the years 1919 and 1920 was barred by the two-year statute of limitation. On trial before the court without a jury, the plea of limitation was sustained and appellant was denied a recovery for the taxes delinquent for the years 1919 and 1920.

Only one question is presented for our consideration, that is: Did the general statute of two-year limitation operate against appellant so as to bar a recovery for the taxes for the two years mentioned?

[1] Ellis County Improvement District No. 3 was organized under and is controlled by the provisions of chapter 146, General Laws of the Thirty-Fourth Legislature, page 229 et seq., approved April 1, 1915, and known as the Canales Act.

In regard to the assessment and collection of taxes the act provides:

Section 34. "It shall be the duty of the tax collector to make a certified list of all delinquent property, upon which the improvement taxes have not been paid, and return the same to the county commissioner's court, and said court shall proceed to have said taxes collected by sale by the collector or by suit, in the same manner as now provided for the collection of delinquent state and county taxes. * * *"

Sec. 36. "All taxes levied or authorized to be levied by this act shall be payable and shall mature and become delinquent as is provided by the laws of this state, for state and county taxes, and, upon the failure to pay such taxes when due, the same penalties shall accrue and be collected as are provided by the laws of the state of Texas for the nonpayment of state and county taxes. All taxes shall be a lien upon the property against which such taxes are assessed. In the assessment and collection of the taxes levied or authorized to be levied by this act, the assessor and collector of taxes shall, respectively, have the same powers and shall be governed by the same rules and regulations as are provided by the laws of the state of Texas for the assessment and collection of state and county taxes, unless herein otherwise provided."

[2] It will be observed that references to other statutes in these excerpts from the Canales Act are somewhat disconnected, and are not mentioned in sequence; yet it is apparent that the Legislature intended that the general statutes relating to the assessment and collection of state and county taxes, whether delinquent or otherwise, should apply as well to levee improvement districts created thereunder. Among the statutes for the collection of delinquent state and county taxes is article 7298 (7663), Rev. St. of 1925, as follows:

"No delinquent taxpayer shall have the right to plead in any court or in any manner rely upon any statute of limitation by way of defense against the payment of any taxes due from him or her, either to the state or any county, city or town."

In a decision by this court, rendered today in the case of Dallas County Levee Improvement District No. 6 v. W. L. Curtis et al., 287 S. W. 301, appealed from the district court of Kaufman county, construing a provision of the Laney Act (Vernon's Ann. Civ. St. 1925, art. 7972 et seq.), in legal meaning the same as the provisions of the Canales Act just quoted, we held that, by reference, the provisions of article 7298, supra, were incorporated into and became a part of said act, thus exempting districts created thereunder from the bar of limitation in tax suits, the same as the state, counties, cities and towns.

While the reference language employed in the Laney Act adopting the provisions of the statute in regard to the collection of state and county taxes is different from that used in the Canales Act, the difference is in verbiage and not in meaning; the legal effect, in our opinion, being the same—that is, to exempt improvement districts organized under either act from the defense of limitation in suits brought for the collection of taxes. In the Kaufman County Case, we discussed the questions involved at some length, stating therein our reasons for the holding, with citation of authorities.

In harmony with these views, we hold that the trial court erred in sustaining the plea of limitation and in refusing to render judgment for the full amount of taxes for the recovery of which suit was brought.

Reversed and rendered for appellant.

On Motion for Rehearing.

[3] In paragraph four of the motion for rehearing by appellees, it is insisted that this court erred in rendering a personal judgment against James N. Lemond for the amount of the taxes for the recovery of which suit was brought.

The contention is made, in this connection, that Lemond was not the record owner of the land at the time the taxes accrued, and, further, that it was agreed in the statement of

facts filed in the cause that Lemond "is not personally liable for any taxes herein sued for."

The contention of appellees, in this respect, is correct, and it was not the purpose of the court to render personal judgment against Lemond and this is evidenced, as we believe, by the absence in the judgment of any provision for the issuance of execution against him. However, in order to relieve from any possible ambiguity, the judgment will be reformed so as to forbid the idea that the judgment is personal against Lemond.

The motion for rehearing is overruled.