**DALLAS COUNTY LEVEE IMPROVEMENT DIST. NO. 6 v. CURTIS et al.**
(No. 9837.)

(Court of Civil Appeals of Texas. Dallas. June 19, 1926. Rehearing Denied Oct. 16, 1926.)

**1. Statutes ☞51.**

Adoption by reference of other statutes or parts thereof is permissible.

**2. Levees and flood control ☞27.**

Rev. St. 1925, art. 7298, prohibiting delinquent taxpayer to plead or rely on statute of limitation in suits by state or county applies in suits under article 8016, to collect taxes by levee improvement district.

**3. Limitation of actions ☞11(1, 2, 3).**

Though limitation does not run against state unless permitted by statute, general statute of limitation runs against counties, cities, towns, and other municipalities, unless exempted from their operation.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Suit by Dallas County Levee Improvement District No. 6 against W. L. Curtis and others to enforce collection of taxes. From a judgment for plaintiff for less than it asked, plaintiff appeals. Reversed and rendered.

K. R. Craig, George A. Teitterington, and H. B. Sanders, all of Dallas, for appellant.

G. O. Crisp and Young & Young, all of Kaufman, for appellees.

LOONEY, J. This suit was instituted by Dallas county levee improvement district No. 6, composed of parts of Dallas, Rockwall, and Kaufman counties, against appellees, to enforce collection of taxes, regularly levied and assessed for the years 1919–1924, inclusive, to pay interest on and to provide a sinking fund for the redemption of bonds issued and sold by the levee district.

The only defense urged by appellees was the statute of two-year limitation as against the taxes due for the years 1919–1923, inclusive.

The court sustained the plea of limitation and accordingly rendered judgment for appellant for the taxes due for the year 1924, with foreclosure of the tax lien on the seven acres of land involved, but, in all other respects, judgment was rendered in favor of the appellees. The only question presented for our determination is whether or not appellant, the levee district, was exempt from the operation of the general statute of limitation.

Appellant was organized under an act of the Legislature providing for levee improvement districts, known as the Laney Act, a provision of which with reference to the collection of delinquent taxes is found in article 5584½nn, Vernon's 1922 Supplement, now article 8016, Rev. St. of 1925, and reads as follows:

"Tax collectors of levee improvement districts shall perform all duties and exercise all powers in respect to delinquent taxes due levee improvement districts as may be provided, by law for the collection of delinquent state and county taxes, and the collection of such delinquent levee improvement district taxes and sale of property therefor shall be governed by the laws applying to the collection of delinquent state and county taxes. * * *"

Among other laws for the collection of delinquent state and county taxes, we have the following article 7298 (7663), Rev. St. of 1925:

"No delinquent taxpayer shall have the right to plead in any court or in any manner rely upon any statute of limitation by way of defense against the payment of any taxes due from him or her either to the state, or any county, city or town."

[1] Our courts hold, in harmony with the doctrine applied generally, that the adoption by reference of other statutes or parts of statutes is a familiar and permissible legislative method. Quinlan v. H. & T. C. Ry. Co., 89 Tex. 371, 34 S. W. 738; Leake v. City of Dallas (Tex. Civ. App.) 197 S. W. 473; Dallas County Levee District v. Looney, 109 Tex. 326, 207 S. W. 310.

[2] The Legislature in the act providing for the creation and maintenance, etc., of levee improvement districts, having incorporated among its provisions, by reference, "the laws applying to the collection of delinquent state and county taxes," the question for our determination is: Was the statute that prohibits a delinquent taxpayer to plead or rely upon the statute of limitation, as a defense in tax suits brought by the state or county, intended by this reference to apply equally in suits brought for the collection of taxes by levee improvement districts? We think so, clearly.

This provision of the law appeared first as section 16 of an act approved July 5, 1879, entitled "An act to enforce the collection of delinquent taxes," Gammel's Laws of Texas, vol. 9, p. 44. It was omitted from the Code that became effective September 1, 1895; but, almost immediately, the Legislature, at a special session, re-enacted the provision in a bill approved October 9, 1895 (Acts 1st Called Sess. 1895, c. 3), the caption of which reads: "An act to prevent delinquent taxpayers from pleading the statute of limitation by way

of defense against the payment of any taxes due from him or her either to the state or any county, city, or town."

The article is in the exact language to-day as originally enacted in 1879; it has never appeared in any codification among the laws of limitation; but, throughout its history it has been classified as one of the laws applying to the collection of delinquent state and county taxes.

In Mellinger v. City of Houston, 68 Tex. 37, 42, 3 S. W. 249, 251, the Supreme Court, with reference to this statute, said:

"The manifest purpose of this statute was to deny to every person the right to defeat the collection of taxes through a plea of the statutes of limitation."

The statute could not possibly have any application other than to suits for the collection of delinquent taxes; and, by the reference quoted above, it was adopted into and became a part of the levee improvement district act, thus prohibiting the use of the general statute of limitation as a defense in suits brought for the collection of taxes by districts organized under said act.

Appellee, however, insists that the rule announced by the El Paso Court in T. & P. Ry. Co. v. Ward County, etc., 257 S. W. 333, and in the same case by the Commission of Appeals (270 S. W. 542), is decisive against the contention of the appellant. The irrigation district brought suit against the railway company to recover taxes levied against its property situated within the district. The company's plea of two years' limitation was denied by the trial court, and judgment was rendered for the district. The court of Civil Appeals held that limitation was available to the company as a defense, and its judgment, on recommendation of the Commission of Appeals, was affirmed by the Supreme Court. That case was, in our opinion, correctly decided.

The statutes under which the irrigation district was organized contained no provision, either expressed or by reference to any other statute, exempting it from the operation of the general statutes of limitation in suits brought for the recovery of taxes.

That defect in the law was recognized by the Legislature, and remedied at the first-called session of the Thirty-Seventh Legislature by the adoption of an amendment. Chapter 46, p. 149, now article 5107–5141, Vernon's 1922 Supplement. The amendment of the statute on this point is as follows:

"No law providing for a period of limitation on debt or actions shall apply to such taxes accruing after the formation of such district."

Thus the Legislature extended to districts organized under this statute the same measure of protection against the bar of limitation as was extended to the state, counties, cities,

and towns by the act of 1879 hereinbefore quoted.

[3] While the rule that limitation will not run against the state in any case, unless permitted by statute, is recognized (Delta County v. Blackburn, 100 Tex. 51, 57, 93 S. W. 419; Brown v. Sneed, 77 Tex. 471, 474, 14 S. W. 248; Waters-Pierce Oil Co. v. State, 48 Tex. Civ. App. 162, 106 S. W. 929); yet it is as well recognized that general statutes of limitation will run against counties, cities, towns, and other municipalities, unless exempted from their operation (T. & P. Ry. Co. v. Ward County, etc. [Tex. Civ. App.] 257 S. W. 333; Mellinger v. City of Houston, 68 Tex. 37; H. & T. C. Ry. v. Travis County, 62 Tex. 18; Delta County v. Blackburn, 100 Tex. 51, 93 S. W. 419).

The reason for exempting the state, counties, cities, and towns from the defense of limitation in tax suits is evidently based on a sound public policy to prevent loss of necessary revenues on account of the negligence of public officials. This reason applies with equal force in favor of levee districts that have no way of discharging bonded or other indebtedness except with money derived from the collection of taxes.

We hold that the plea of limitation was not available to appellees to defeat the collection of any of the taxes sued for, and that the court below erred in so deciding and in refusing to render judgment in favor of appellant for the taxes delinquent for the years 1919–1922, inclusive.

The judgment therefore is reversed and rendered in favor of appellant.

Reversed and rendered.