## DALLAS COUNTY LEVEE IMPROVEMENT DIST. NO. 6 v. UNKNOWN HEIRS OF HARRIS. (No. 9838.)

Court of Civil Appeals of Texas. Dallas.
April 30, 1927.

Rehearing Denied May 23, 1927.

**1. Levees and flood control ☯➝27—Person, sued for levee tax, may not plead statute of limitations (Rev. St. 1925, arts. 7297, 7298, 8016).**

In view of fact that Rev. St. 1925, arts. 7297, 7298, providing respectively for suing to collect delinquent taxes and prohibiting delinquent taxpayer from relying on statute of limitations, are part of law governing collection of state and county taxes, they were adopted by Laney Act (Acts 35th Leg. [1918] 4th Called Sess. c. 44) § 42 (Rev. St. 1925, art. 8016), providing that levee taxes shall be governed by laws applicable to collection of delinquent state and county taxes, and delinquent levee taxpayer may not defend suit for taxes by pleading statute of limitations.

**2. Statutes ☯➝188—Language in statute should be given commonly accepted meaning.**

Language in statute should be given commonly accepted meaning, so it will accomplish purpose for which it was apparently used.

Appeal from District Court, Dallas County; Joel R. Bond, Judge.

Suit by the Dallas County Levee Improvement District No. 6 against the unknown heirs of Pack Harris, deceased. From part of a judgment sustaining a plea of limitation as to part of the cause of action, plaintiff appeals. Reversed, and judgment rendered for plaintiff.

---

K. Craig, Geo. A. Titterington, and H. B. Sanders, all of Dallas, for appellant.

G. O. Crisp, of Kaufman, for appellee.

VAUGHAN, J. Appellant, a levee improvement district duly created, embracing part of Dallas, Rockwall, and Kaufman counties, instituted its suit to enforce collection of levee improvement district taxes, which had been regularly levied and assessed to pay interest on, and provide a sinking fund for the payment of, certain bonds theretofore regularly issued and sold. The suit was filed October 20, 1925, for taxes duly assessed for each of the years 1919 to 1924, inclusive. Taxes for each year sued for became delinquent on the 1st of February of the following year. Appellees' answer consisted of only a plea of two years' limitation as against the taxes for the years 1919 to 1923, inclusive. No other defense was offered.

Trial before the court without a jury resulted in judgment sustaining the plea of limitation and for taxes, penalties, and interest due for 1924, foreclosing the lien against 9 acres of the land involved. From the court's conclusions of fact, we find the following material facts to have been established:

That appellant is a corporation, duly incorporated as a levee improvement district, in manner and form as required by law; that the land described in appellant's petition is within the bounds of said district; that all proceedings required by law were properly had for the levy of taxes sued for against said property described in appellant's petition, to pay interest and provide a sinking fund to pay principal on the bonds issued in the following amounts, to wit: For the years 1919 and 1920 the sum of $4.50 on each $100 of assessed benefits; for the years 1921, 1922, 1923, and 1924, the sum of $5.50 on each $100 of assessed benefits; and that the said benefits to each acre as above indicated were stated at $100 per acre; that bonds had been issued and sold to the amount of $290,000; that the estate of Pack Harris owes the amounts set out and claimed in appellant's petition for the years alleged therein.

[1] The only question presented to us for review by this appeal is whether or not appellee's plea of limitation was properly sustained. The determination of this question rests with the effect to be given the attempt of the 35th Legislature to adopt by reference article 7662, Vernon's Sayles' Civil Statutes, 1914, now article 7298, R. C. S. 1925, which reads as follows:

"No delinquent taxpayer shall have the right to plead in any court or in any manner rely upon any statute of limitation by way of defense against the payment of any taxes due from him or her, either to the state, or any county, city or town."

Appellees contend that the reference to article 7662 in the Levee Improvement Act, known and referred to as the Laney Act (Acts 35th Leg. 4th Called Sess. c. 44, 1918), was an effort to amend said article, therefore inoperative as a part thereof by "adoption." Section 42 of said act, now article 8016, R. C. S. 1925, is as follows:

"Tax collectors of levee improvement districts shall perform all duties and exercise all powers in respect to delinquent taxes due levee improvement districts as may be provided by law for the collection of delinquent state and county taxes, and the collection of such delinquent levee improvement district taxes and sales of property therefor shall be governed by the laws applying to the collection of delinquent state and county taxes. Taxes levied under this act shall be a lien upon the property against which they are assessed, and shall be payable and shall mature and become delinquent as may be provided by law for state and county taxes, and upon failure to pay such taxes when due the same penalty shall accrue and be collected as may be provided by law in case of nonpayment of state and county taxes."

Article 7298, supra, is a part of chapter 8, R. C. S. 1925, dealing with the collection of taxes, and article 7297, Id., formerly article 7661, Vernon's Sayles' Texas Civil Statutes 1914, provides for the filing of suits for the collection of taxes and for proceedings in such cases. Both constitute a part of the law which governs the collection of state and county taxes, and therefore it is apparent that said articles, not only were intended to be, but were in fact, adopted by the Legislature as a part of said Laney Act, as much so as if same constituted in hac verba a part of the language thereof.

[2] Said article 7298 being a part of the laws which govern the collection of state and county taxes, it therefore occurs to us that to hold it was not in fact adopted as if written in said act would be to in effect say that the Legislature was guilty of using language of plain import for no beneficial purpose—merely a play on words and nothing more—when the rule is to give to language employed in a legislative enactment its commonly accepted meaning, so that it will accomplish the purpose for which it was apparently used. Williams v. Carroll (Tex. Civ. App.) 182 S. W. 32; Trimmier v. Carlton (Tex. Civ. App.) 264 S. W. 253; Moore v. Lumbermen's Ass'n (Tex. Com. App.) 258 S. W. 1051. The question before us was so ably and comprehensively discussed in Dallas County Levee Imp. Dist. No. 6 v. W. L. Curtis et al., 287 S. W. 301, opinion by Associate Justice Looncy, for this court, that the writer deems it unnecessary to further discuss same, but refers to and adopts that opinion as containing the reasons why the court erred in not holding that the pleas of limitation urged by appellees were not available to them to defeat appellant's right to recover the aggregate amount of the taxes sued for.

We therefore conclude that the judgment

of the lower court should be reversed and rendered in favor of appellant for the taxes sued for, with foreclosure of lien on the property described in its petition; and it is so ordered.

Reversed and rendered.