# APRIL, 1929

STATE OF TEXAS FOR DALLAS COUNTY BOIS D'ARC ISLAND LEVEE DISTRICT ET AL. v. MARTIN C. GLENN.

No. 5136.   Decided February 6, April 2, 1929.
(13 S. W., 2d Series, 337; 15 S. W., 2d Series, 1028.)

*Claude D. Bell* and *Goree, Odell & Allen,* for appellant, cited and discussed: Rev. Stats., 1925, arts, 7298, 7329, 7662, 8016; Rut-

ledge v. State, 292 S. W., 164; Dallas County Imp. Dist. No. 6 v. Curtis, 287 S. W., 30; Dallas County Levee Imp. Dist. No. 6 v. Harris, 296 S. W., 293; Prudential Ins. Co. v. Dallas County Imp. Dist. No. 3, 296 S. W., 978; Thomas v. Dallas County Imp. Dist. No. 6, 2 S. W. (2d), 639; Trimmier v. Carlton, 296 S. W., 1070; Texas & P. Ry. Co. v. Ward County Irrig. Co. No. 1, 270 S. W., 942; State v. Bank of Mineral Wells, 251 S. W., 1187; Preston v. Anderson County Levee Dist., 261 S. W., 1077.

*K. R. Craig* and *George A. Titterington,* also for appellant.

The two year statute of limitation applies only to personal actions, and this is not a personal action, but a suit in the nature of a proceeding in rem. It is so denominated by the act of 1923, when, for the first time, it was provided by statute that taxes on a levee improvement district might be recovered by suit.

*McCormick, Bromberg, Leftwich & Carrington,* and *Lee K. Stroud,* for appellee.

The Laney act under which the suit was brought does not incorporate by adoption the provisions of law restraining the plea of limitation in suits brought to collect the taxes authorized under said act, because no specific reference to the restraining statute is found in said act and other provisions of the act are inconsistent with the legislative intent to apply said restraining act to suits for the collection of taxes assessed and levied under the Laney act. Gammel's Laws of Texas, vol. 19, p. 97 *et seq.,* sections 38, 39, 41, 42; Revised Statutes of Texas, articles 7298, 7336; The King v. The Justices of Surrey, 100 English Reprint, 271 (2 T. R. 504); Rutledge v. Ellis Co. Levee Improvement District No. 3, 292 S. W., 164; Rex v. Monsted, 2 Law Reports, King's Bench Div., 1906, 466; 2 Lewis' Sutherland, Statutory Construction, sec. 407, p. 791; 25 R. C. L., sec. 161, p. 908; 36 Cyc., p. 1152; Iselin v. United States, 270 U. S., 245, 70 L. Ed., 566; Murphy v. People ex rel. Weinennette, 11 N. E., 202; Hosmer v. People ex rel. County Collector, 25 N. E., 747; Jackson Fire Clay, Sewer Pipe & Tile Co. v. Snyder, 53 N. W., 359; Young v. Moore, 127 N. W., 29; Hackney v. Elliott, 137 N. W., 433; T. & P. Ry. Co. v. Ward Co. Irrigation Dist. No. 1, 257 S. W., 333; Park Bank v. Remsen, 158 U. S., 337; Miramon v. City of New Orleans, 28 So., 107; Vicksburg, S. & P. R. Co. v. Traylor, 29 So., 141; Bucknall v. Story, 36 Calif., 67; Ankeny v. Henningsen, 6. N. W., 65; Pecos & N. T. Ry. Co.

v. Malone, 222 S. W., 217; Matagorda Co. Drainage Dist No. 5 v. Borden, 195 S. W., 308; Prudential Ins. Co. of America v. Dallas Co. Levee Improv. Dist. No. 3, 296 S. W., 974.

Appellee respectfully submits that this question was determined definitely and finally by the Supreme Court on May 23, 1928, when it refused an application for writ of error in the case of Dallas County Levee Improvement District No. 3 v. Prudential Insurance Company of America.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

The Dallas County Bois D'Arc Island Levee District was created under the provisions of Chapter 44 of the General Laws of the Fourth Called Session of the 35th Legislature, commonly known as the "Laney Act." There were duly assessed against the land belonging to Martin C. Glenn within the bounds of said district, for the benefit of said district, taxes for the years 1921 and 1922. These taxes respectively became due and payable on January 1, 1922, and January 1, 1923, and respectively became delinquent on February 1, 1922, and February 1, 1923, and are still unpaid. As shown by the certificate of the Court of Civil Appeals, there is no question as to a due compliance with the provisions of law governing the making of delinquent tax lists covering taxes due in and for said district remaining unpaid for said years, of the filing and approving of said lists, and the giving of due notice thereof.

On December 31, 1925, the State of Texas, for the use and benefit of said Levee Improvement District, and said district in its own behalf, instituted this suit in a district court of Dallas County, Texas, against Martin C. Glenn, to recover said taxes. The only defense urged by Glenn was the statute of two years' limitation, which statute was properly plead, and the fact that more than two years had elapsed since the taxes for each year had become delinquent was indisputably shown. The trial court sustained the plea of limitation and denied a recovery solely on such ground. An appeal was perfected by the Levee District to the Court of Civil Appeals for the Fifth District at Dallas, with the result that that court reversed the trial court as to its holding on the statute of limitation, and rendered judgment on behalf of the Levee District for the sum of $1946.09, the amount of the taxes due for the two years, with interest at the rate of 6 per cent per annum from date of the

judgment in the lower court, no penalty being prayed for. 8 S. W. (2d), 1101.

On motion for rehearing, the Court of Civil Appeals withdrew the above opinion, and has certified to this court the following question:

"Does Article 8016, supra, and especially that provision of same, which declares that, 'the collection of such delinquent levee improvement district taxes and sales of property therefor shall be governed by the laws applying to the collection of delinquent State and county taxes,' adopt by reference said Article 7298, supra, as well as the subsequent legislative enactment of said Article 7329, supra, and thereby deny to appellee the right to plead the statute of limitation as a defense in the instant suit?"

### OPINION.

The only matter presented for our decision under the question certified is whether or not the appellant, the Levee District, was exempt from the operation of the general statutes of limitation. If the Levee District is exempt from such statutes, the question should be answered "Yes"; if not, it should be answered "No."

It is shown by the certificate that the Levee District was organized under the provisions of Chapter 44 of the General Laws of the Fourth Called Session of the 35th Legislature, commonly known as the "Laney Act." One of the provisions of said act is Section 42 thereof (Art. 8016, R. C. S. 1925), which reads as follows:

"Tax collectors of levee improvement districts shall perform all duties and exercise all powers in respect to delinquent taxes due levee improvement districts as may be provided by law for the collection of delinquent State and county taxes, and the collection of such delinquent levee improvement district taxes and sales of property therefor shall be governed by the laws applying to the collection of delinquent State and county taxes and foreclosure decree therefor shall include writ of possession. The supervisors are also given the power and authority to collect such delinquent taxes, and to institute and prosecute suits in the name of the district for their collection; and such districts are also authorized to do and perform all other things that may be necessary for the collection of such taxes. Taxes levied under this law shall be a first and prior lien upon all property against which they are assessed, and shall be payable and shall mature and become delinquent as provided by law for State and county taxes."

Now, if Article 8016, by its terms, by reference, adopts and makes a part of said "Laney Act," Article 7298, or Article 7329, R. C. S. 1925, or both, then the defense of limitation is not available; on the other hand, if neither of such articles are adopted, the defense of limitation is available. In our opinion, Article 7329 is certainly not adopted if Article 7298 is not, and we will discuss the case principally from the standpoint as to whether Article 7298 is adopted, though what we say also applies to Article 7329.

Article 7298 is as follows:

"No delinquent tax payer shall have the right to plead in any court or in any manner rely upon any statute of limitation by way of defense against the payment of any taxes due from him or her either to the State, or any county, city or town."

Article 7329 is as follows:

"There shall be no defense to a suit for collection of delinquent taxes, as provided for in this chapter except:

"1. That the defendant was not the owner of the land at the time the suit was filed.

"2. That the taxes sued for have been paid, or

"3. That the taxes sued for are in excess of the limit allowed by law, but this defense shall apply only to such excess."

The Court of Civil Appeals at Dallas, in Dallas County Levee Imp. Dist. No. 6 v. Curtis, 287 S. W., 301, decided June 19, 1926, and Dallas County Levee Imp. District No. 6 v. Harris, 295 S. W., 293, decided April 30, 1927, held that under said Article 8016, supra, the defense of limitation was not available in suits for taxes under the "Laney Act"; and the Court of Civil Appeals at Texarkana, in Thomas v. Dallas County Levee Imp. District No. 6, 7 S. W. (2d) 639, decided May 3rd, 1928, held to the same effect. On the other hand, the Court of Civil Appeals at El Paso, in Prudential Ins. Co. v. Dallas County Levee District No. 3, 296 S. W., 974, decided May 26, 1927, held to the contrary, that is, in the last mentioned case, it was held that said "Laney Act" did not by virtue of said Article 8016 exempt such district taxes from the general statutes of limitation, citing the opinion of this Commission in the Rutledge case mentioned later herein. The Supreme Court, on May 23, 1928, refused writ of error in the Prudential case, though the application was based on the above conflicts, the reason for such refusal being shown later.

Without going into any extended discussion of the reasons, we are of the opinion that the question here certified is foreclosed and

settled by the Supreme Court itself, in an opinion by Chief Justice Cureton, on motion for rehearing in Rutledge et al. (Lemond et al.) 'v. State, etc., 117 Texas, 342, 7 S. W. (2d), 1071. The original opinion in the Supreme Court in the Rutledge (Lemond) case was written by Judge Bishop of this Section of the Commission, and the judgment therein recommended adopted March 9, 1927, before the writ was refused in the Prudential case, and is found at 292 S. W., 164, and the opinion of the Court of Civil Appeals at 287 S. W., 302.

It is true the Rutledge case is brought under the provisions of Chapter 146, General Laws of the 34th Legislature, page 229, and known as the Canales Act.

The Canales Act under consideration in the Rutledge (Lemond) case, supra, provided:

"Section 34. It shall be the duty of the tax collector to make a certified list of all delinquent property, upon which the improvement taxes have not been paid, and return the same to the county commissioner's court, and said court shall proceed to have said taxes collected by sale by the collector or by suit, in the same manner as now provided for the collection of delinquent state and county taxes. * * *"

"Section 36. All taxes levied or authorized to be levied by this act shall be payable and shall mature and become delinquent as is provided by the laws of this state, for state and county taxes, and, upon the failure to pay such taxes when due, the same penalties shall accrue and be collected as are provided by the laws of the state of Texas for the non-payment of state and county taxes. All taxes shall be a lien upon the property against which such taxes are assessed. In the assessment and collection of the taxes levied or authorized to be levied by this act, the assessor and collector of taxes shall, respectively, have the same powers and shall be governed by the same rules and regulations as are provided by the laws of the state of Texas for the assessment and collection of state and county taxes, unless herein otherwise provided."

The Court of Civil Appeals, in the Rutledge (Lemond) case held that under the above provisions of the Canales Act, "in legal meaning the same as the provisions of the Canales Act," the delinquent tax payer was prohibited from pleading the statute of limitation. We wish to here call attention to the opinion of Justice Looney

of the Dallas Court of Civil Appeals in the Rutledge (Lemond) case, supra, in which he says:

"While the reference language employed in the Laney Act adopting the provisions of the statute in regard to the collection of state and county taxes is different from that used in the Canales Act, the difference is in verbiage and not in meaning; the legal effect, in our opinion, being the same. * * *"

We agree with the above quoted holding of the Court of Civil Appeals in the Rutledge (Lemond) case.

Writ of error was granted in the Rutledge (Lemond) case, by the Supreme Court, and Judge Bishop of the Commission, in passing on the question of limitation, under the Canales Act, says:

"The holding of the Court of Civil Appeals that the trial court erred in sustaining the plea of limitation and refusing to render judgment for the taxes delinquent for the years 1919 and 1920, though supported by the holding of the Court of Civil Appeals of the First District in the case of Holt v. State, 176 S. W., 743, is in direct conflict with the holdings made by the Court of Civil Appeals of the Eighth District (257 S. W., 333), and this Commission in the case of Texas & P. Ry. Co. v. Ward County Irrigation District No. 1, supra, and we recommend that its judgment reversing the judgment of the district court be reversed, and that of the district court affirmed."

Thus reversing the holding of the Court of Civil Appeals in this respect.

On motion for rehearing in the Rutledge (Lemond) case the Supreme Court itself wrote an opinion, and, speaking through Chief Justice Cureton, says, with reference to the question of limitation:

"The defendant in error, in its motion for rehearing, earnestly and ably insists that the statute of limitation discussed in the opinion of the Commission of Appeals does not apply to taxes due levee improvement districts, as the Commission of Appeals has held. We have carefully examined the motion and argument on this question, and have reached the conclusion that the Commission of Appeals has correctly decided the question, and that further discussion by this court is unnecessary."

As stated above, in the Prudential Ins. Co., etc., case, supra, the Court of Civil Appeals at El Paso held that taxes due under the Laney Act do become barred by limitation and cite as authority therefor the opinion of the Commission of Appeals in the Rutledge

case. The opinion by the Court of Civil Appeals in the Prudential case was delivered on May 26, 1927, and does not cite Judge Cureton's opinion in the Rutledge case, for the reason that the opinion by the Supreme Court itself was delivered on May 23, 1928, after the opinion in the Court of Civil Appeals was delivered.

The Supreme Court on the 23rd day of May, 1928, refused application for writ of error in the Prudential case for the reason, as we are informed by the Supreme Court, in conference with the Commission, that the Supreme Court was, and is, of the opinion that there is no material difference between the Canales Act under consideration in the Rutledge (Lemond) case, and the Laney Act, under consideration in the Prudential case. It will here be noted that the Supreme Court rendered its own opinion in the Rutledge (Lemond) case on the same day it refused writ of error in the Prudential case. In other words, the Supreme Court, by its own opinion and the opinion of the Commission, in the Rutledge (Lemond) case, and by refusing the writ of error in the Prudential case, has already decided and foreclosed the question here certified. In so doing, the Supreme Court did not depart from the rule giving it jurisdiction in cases of conflict, as it had already adjudicated the conflict in the Rutledge case.

We have, however, again given careful consideration to this matter, and are of the opinion, as an original proposition, that Article 8016, R. C. S. 1925, does not, by reference adopt as a part of the Laney Act, either Article 7298 or Article 7329, supra. It will be noted that the first clause of Article 8016, which reads as follows: "Tax collectors of levee improvement districts shall perform all duties and exercise all powers in respect to delinquent taxes due levee improvement districts as may be provided by law for the collection of delinquent state and county taxes, * * *"— cannot by any construction of the language be construed to mean anything other than to define the powers and duties of the tax collector of the district, with respect to delinquent taxes, and this clause has no remote reference to any statute of limitation. The next clause, "* * * and the collection of such delinquent levee improvement district taxes, and sales of property therefor shall be governed by the laws applying to the collection of delinquent state and county taxes, and foreclosure decree therefor shall include writ of possession" has reference to the machinery provided by general law for the collection of delinquent taxes of such districts, and sales of property therefor, and the language used in said Article 8016 cannot be

reasonably construed to exempt such improvement districts from the general statutes of limitation. The balance of said Article 8016 gives the supervisors of such district the power and authority to collect such delinquent taxes and to prosecute suits in the name of the district for their collection; and authorizes such districts to do all other things that may be necessary for the collection of such delinquent taxes, and finally, provides that taxes levied under this law shall be a first lien, and shall be payable, and shall mature and become delinquent as provided by law for State and county taxes. Certainly this part of the act has no effect to cut off a defense of limitation. We are further of the opinion that had the Legislature intended, by reference, to accomplish such a result, it would have plainly so provided, and not left such intendment to be arrived at by an involved course of reasoning.

We recommend that the question certified be answered "No."

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

C. M. Cureton, Chief Justice.

### ON MOTION FOR REHEARING.

This cause is now before us on motion for rehearing, and for the first time plaintiff in error contends that this suit is not subject to any period of limitation, and not barred by the two-year statute of limitation because it is not a personal action, but proceeding *in rem* brought under the provisions of Art. 8017, R. C. S. of Texas, 1925. In other words, it is contended that suits for taxes brought under the provisions of said Art. 8017, are proceedings in rem and not personal actions, and therefore no statutes of limitation can constitute a defense in any case.

An examination of the certificate and record before us discloses that the suit at bar was not brought under the provisions of Article 8017, but under preceding articles of the statutes. However, even if we concede that a construction of Article 8017, as applied to the statutes of limitation, is involved in the question certified, still the laws of limitation would apply with equal force. It is well settled in this state that a mortgage is so completely an incident of the debt which it is given to secure, that if the debt is barred by the statute of limitations, the creditor is without remedy under his mortgage, nor can he dispossess the mortgagor of land by suit after the bar is complete. Blackwell v. Barnett, 52 Texas, 326; Duty v.

Graham, 12 Texas, 427, 62 Am. Dec., 534; Ross v. Mitchell, 28 Texas, 150; Perkins v. Sterne, 23 Texas, 561, 76 Am. Dec., 72. For other authorities see Vernon's Annotated Civil Statutes of Texas, 1925, Vol. 16, page 408. We think that under this rule that when the tax is barred by the statute of limitations, the lien given by law to secure the same is also barred. We are cited to no authority holding to the contrary.

We have given careful consideration to this motion and argument filed therewith, and still adhere to the views expressed in our original opinion.

We therefore recommend that said motion be in all things overruled.