## TEXAS & P. RY. CO. v. WARD COUNTY IRR. DIST. NO. I. (No. 642–4112.)*

(Commission of Appeals of Texas, Section A. April 1, 1925.)

**1. Limitation of actions ⬤⟀11(4)—Two-year statute held applicable to suit by irrigation district to recover taxes.**

Rev. St. art. 7662, prohibiting delinquent taxpayers from relying on statute of limitation against payment of taxes due to "state or any county, city or town," *held* not to include an irrigation district, and hence two-year statute of limitations is applicable in an action by a district to recover taxes due.

**2. Limitation of actions ⬤⟀11(4)—Statute held not to exempt irrigation district taxes from statute of limitations.**

Complete Tex. St. 1920, art. 5107—41, relating to irrigation district taxes and providing that delinquent taxes shall remain lien upon land, *held* not to exempt such taxes from statute of limitations, especially in view of its subsequent amendment by· Acts 37th Leg. (1921) c. 46 (Vernon's Ann. Civ. St. Supp. 1922, art. 5107—41) providing that statute of limitations shall not thereafter apply to irrigation district taxes.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by Ward County Irrigation District No. 1 against the Texas & Pacific Railway Company. Judgment for plaintiff was modified and affirmed by the Court of Civil Appeals (257 S. W. 333), and both parties apply for writ of error. Affirmed.

R. S. Shapard, of Dallas, Jno. B. Howard, of El Paso, and Robt. Thompson, of Dallas, for plaintiff in error.

Birge Holt, of Barstow, for defendant in error.

BISHOP, J. This suit was instituted on December 17, 1919, by the Ward County Irrigation District No. 1 against the Texas & Pacific Railway Company in the district court of Ward county, to recover taxes due said irrigation company for the years 1914 to 1919, inclusive, and it recovered judgment as prayed for. On appeal by the railway company, the Court of Civil Appeals certified to. the Supreme Court the question as to whether the assessment was valid against the estate of said railway company on the land situated in the said irrigation district occupied and used by it as a right of way. This question was answered in the affirmative on recommendation by Section B of the Commission of Appeals, in an opinion by Presiding Judge McClendon. 251 S. W. 212. Thereafter the Court of Civil Appeals modified the judgment of the trial court by eliminating the recovery of the taxes for the years 1914, 1915, and 1916, holding that the taxes for those years were barred by the statute of limitation of two years, and as modified the judgment was affirmed. 257 S. W. 333.

Both the railway company and the irrigation company applied for writ of error. All material assignments of the railway company seem to have been fully discussed and disposed of adversely to it in the opinion of the Commission of Appeals above quoted.

[1] It is here claimed that the Court of Civil Appeals is in error in holding that the taxes for 1914, 1915, and 1916 were barred by limitation. The contention is made that article 7662, Revised Civil Statutes, providing that "no delinquent taxpayer shall have the right to plead in any court or in any manner rely upon any statute of limitation by way of defense against the payment of any taxes due from him or her either to the state or any county, city or town," should be construed to prevent a delinquent taxpayer from pleading the general statutes of limitation against the payment of taxes due to such municipal corporations as the Ward County Irrigation District No. 1.

In support of this claim the opinion of the Court of Civil Appeals of the First Supreme Judicial District in the case of Holt v. State, 176 S. W. 743, is cited. In that case in construing this article the court says:

"We think it would do violence to the evident purpose and intent of the Legislature in the passage of this act to construe its language so literally as to restrict its application to taxes levied for state, county, city, or town purposes. The intention of the Legislature in the passage of this statute was manifestly to deny to all delinquent taxpayers the benefit of the general statutes of limitation, and it would defeat that purpose to exclude from the operation of the act taxes due a drainage district by placing a literal construction upon the words 'taxes due either to the state or any county, city or town.' Such words should, we think, be construed to include any and all taxes levied and assessed under the Constitution and laws of this state, whether they are levied and assessed for state, county, city, or town purposes, or for the benefit of a drainage district or other quasi municipal corporation."

In Mellinger v. City of Houston, 68 Tex. 37, 3 S. W. 249, in an opinion by Justice Stayton, it is held that prior to the enactment of this article in 1879 the general statutes of limitation did not exempt a city from their operation, and that the city of Houston was barred from enforcing the payment of delinquent taxes for those years for which cause of action had accrued more than two years before filing suit. After quoting this article, the court there says that—

"The manifest purpose of this statute was to deny to every person the right to defeat the collection of taxes through a plea of the statutes of limitation, and it shows that such a statute was deemed necessary by the Legislature to withdraw this right from the person indebted for taxes even to the state."

It is evident that the expression that it was the purpose "to deny to every person the right to defeat the collection of taxes through a plea of the statutes of limitation" was meant to apply to conditions then existing. At that time, under the laws of this state, taxes were due only to the state and to counties, cities, and towns. It was clearly not the intention of the court by this expression to hold that it was the purpose of the Legislature in enacting this statute to provide that should municipal corporations other than counties, cities, and towns be by law thereafter created, and given powers to assess and collect taxes, the persons owing taxes due to such municipal corporations should be denied the right to urge the bar of the statutes of limitation provided by the general laws. There is nothing in the provisions of this article to indicate whether, at the time of its enactment, the Legislature contemplated that other such municipal corporations would be created. By its terms it exempts those then in existence by specifically naming them. There being nothing in the article to indicate that other municipal corporations afterwards created should be included within its terms, it is, in our opinion, beyond the power of the courts to include them.

The naming of all the municipal corporations which were then authorized to levy and collect taxes does not evidence an intention to include others when and as created. And when others were by the Legislature created, we think it should be presumed that, if it was intended that they be exempt, this would be done by specific provision to that effect. As sustaining this view, we call attention to the fact that had the words "either to the state or any county, city or town" been omitted from this statute, the article would have had exactly the effect contended for by the Irrigation Company. If then any effect is to be given these words, it must be that they limit the exemption to taxes due the state, counties, cities, and towns.

[2] Claim is further made that regardless of whether article 7662 should be construed to prevent the plea of limitation being made to the collection of irrigation district taxes, article 5107—41. Complete Texas Statute 1920, under which the taxes sued for were sought to be recovered, and which was in effect at the time the taxes for 1914, 1915, and 1916 were levied and assessed, prevents the running of the statutes of limitation against the collection of such taxes.

Article 5107—41 is as follows:

"All lands or other property which have been returned delinquent, or which may hereafter be returned delinquent shall be subject to the provisions of this act and said taxes shall remain a lien upon said land although the owner be unknown, or though it be listed in the name of a person not the actual owner, and though the ownership be changed, the land may be sold under the judgment of the court for all taxes, interest, penalty and cost shown to be due by such assessment for any preceding year. (Acts 1913, p. 380, § 41; Acts 1917, c. 87, § 40.)"

This article should not be construed to be in conflict with the general statutes of limitation, nor to have the effect to exempt from them actions by irrigation districts to enforce the collection of taxes, unless it can be said that its provisions clearly indicate an intention to do so. The recitals that "said taxes shall remain a lien upon said land," and "the land may be sold under the judgment of the court for all taxes * * * due * * * for any preceding year," do not show an intention to exempt such taxes from the bar of limitation. The caption of the bill under which this article was originally enacted in 1913 indicates no such intention. After the accrual of this cause of action and after suit was filed, the Thirty-Seventh Legislature amended this article providing that "no law providing for a period of limitation on debt or actions shall apply to such taxes, accruing after the formation of such district." Acts 37th Legislature, c. 46, p. 149 (Vernon's Ann. Civ. St. Supp. 1922, art. 5107—41). From this amendment it is evident that the Thirty-Seventh Legislature considered it necessary to expressly exempt irrigation dis-

tricts from the bar of limitation in order to effect that purpose.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.