RUTLEDGE et al. (LEMOND et al.) v. STATE for Use and Benefit of ELLIS COUNTY LEVEE IMPROVEMENT DIST. NO. 3. (No. 938–4733.)

(Commission of Appeals of Texas, Section A. March 9, 1927.)

1. Constitutional law ⚙═278(2)—Levees and flood control ⚙═2—Act authorizing creation of levee improvement districts held not unconstitutional (Acts 34th Leg. [1915] c. 146; Const. U. S. Amend. 14).

Acts 34th Leg. (1915) c. 146, authorizing creation of levee improvement districts, held not prohibited by Const. U. S. Amend. 14, since act should be construed to require county commissioner's court in creating district to protect all rights of those owning property within its proposed boundaries.

2. Levees and flood control ⚙═27—Two-year statute held applicable to suit by levee improvement district to recover taxes (Rev. St. 1925, art. 7298).

Two-year statute of limitations held applicable in action by levee improvement district to recover taxes due; Rev. St. 1925, art. 7298, prohibiting delinquent taxpayers from relying on statute of limitations against payment of taxes due to "state, county, city or town," not including such district; sections 34 and 36 of Acts 34th Leg. (1915) c. 146, the act under which the levee district was organized, adopting provisions of state laws relating to time and manner of collecting delinquent taxes, but making no reference to article 7298.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Suit by the State of Texas, for use and benefit of Ellis County Levee Improvement District No. 3, against W. J. Rutledge, Jr., and others. Judgment for defendants was reversed by the Court of Civil Appeals (287 S. W. 302), and defendants bring error. Judgment of the Court of Civil Appeals reversed and that of the district court affirmed.

I. M. Williams, Dwight L. Simmons, and Thompson, Knight, Baker & Harris, all of Dallas, and C. M. Supple, of Waxahachie, for plaintiffs in error.

W. P. Dumas, of Dallas, Tom J. Ball, of Waxahachie, and Goree, Odell & Allen, of Fort Worth, for defendant in error.

BISHOP, J. The statement of this case and the question here presented are as shown by the Court of Civil Appeals in its opinion as follows:

"This suit was brought in the name of the state pro forma for the use and benefit of Ellis county levee improvement district No. 3, against appellees, to enforce collection of delinquent taxes for the years 1919–1921, inclusive, regularly levied on and assessed against 292.2 acres of land situated within the district.

"The defense urged was that the claim for taxes due for the years 1919 and 1920 was barred by the two-year statute of limitation. On trial before the court without a jury, the plea of limitation was sustained and appellant was denied a recovery for the taxes delinquent for the years 1919 and 1920.

"Only one question is presented for our consideration, that is: Did the general statute of two-year limitation operate against appellant so as to bar a recovery for the taxes for the two years mentioned?

"Ellis county improvement district No. 3 was organized under and is controlled by the provisions of chapter 146, General Laws of the Thirty-Fourth Legislature, page 229 et seq., approved April 1, 1915, and known as the Canales Act.

"In regard to the assessment and collection of taxes the act provides:

"Section 34. 'It shall be the duty of the tax collector to make a certified list of all delinquent property, upon which the improvement taxes have not been paid, and return the same to the county commissioner's court, and said court shall proceed to have said taxes collected by sale by the collector or by suit, in the same manner as now provided for the collection of delinquent state and county taxes. * * *'

"Sec. 36. 'All taxes levied or authorized to be levied by this act shall be payable and shall mature and become delinquent as is provided by the laws of this state, for state and county taxes, and, upon the failure to pay such taxes when due, the same penalties shall accrue and be collected as are provided by the laws of the state of Texas for the nonpayment of state and county taxes. All taxes shall be a lien upon the property against which such taxes are assessed. In the assessment and collection of the taxes levied or authorized to be levied by this act, the assessor and collector of taxes shall, respectively, have the same powers and shall be governed by the same rules and regulations as are provided by the laws of the state of Texas for the assessment and collection of state and county taxes, unless herein otherwise provided.' "

Article 7662, Revised Civil Statutes 1911 (article 7298, Revised Civil Statutes 1925), is:

─────────────
⚙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"No delinquent taxpayer shall have the right to plead in any court or in any manner rely upon any statute of limitation by way of defense against the payment of any taxes due from him or her either to the state, or any county, city or town."

In the case of Texas & P. Ry. Co. v. Ward County Irrigation District No. 1 (Tex. Com. App.) 270 S. W. 542, in which the judgment of the Court of Civil Appeals was affirmed, we held that this article did not include such improvement districts as the one here seeking to recover delinquent taxes due it, and that the general statute of two years' limitation operates to bar recovery, unless by legislative enactment such districts were excepted from the provision of the general statutes of limitation. The Court of Civil Appeals in this case holds that the provisions of this act, under which the Ellis county levee improvement district No. 3 was organized, and which are quoted in the above statement, have the effect to exempt such districts from the bar of limitation.

These sections prescribe the duties of the assessor and collector of taxes and the county commissioner's court, in regard to the levy and collection of taxes, and provide the manner in which these duties shall be performed. In providing the manner, they adopt the provisions of the laws of the state relating to state and county taxes. They also adopt the provisions of the laws of the state relating to state and county taxes as to the time when taxes shall mature and become delinquent, and as to the penalties which shall accrue and be collected. They make no reference to the provision of article 7662, and do not purport to adopt it. All references made are to provisions in regard to specific matters, and no reference to the right of a taxpayer to insist upon the bar of limitation is made. The courts would not be warranted in assuming that the Legislature intended to adopt by reference the provision of a statute to which provision no reference is made.

[1] The assignment asserting that the act authorizing the creation of the district is prohibited by the Fourteenth Amendment of the federal Constitution should be overruled. The provisions of this act should be construed to authorize and require that the county commissioner's court in creating the district protect all rights of those owning property within its proposed boundaries.

[2] The holding of the Court of Civil Appeals that the trial court erred in sustaining the plea of limitation and refusing to render judgment for the taxes delinquent for the years 1919 and 1920, though supported by the holding of the Court of Civil Appeals of the First District in the case of Holt v. State, 176 S. W. 743, is in direct conflict with the holdings made by the Court of Civil Appeals of

the Eighth District (257 S. W. 333), and this Commission in the case of Texas & P. Ry. Co. v. Ward County Irrigation District No. 1, supra, and we recommend that its judgment reversing the judgment of the district court be reversed, and that of the district court affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals is reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.