### PRUDENTIAL INS. CO. OF AMERICA v. DALLAS COUNTY LEVEE IMPROVEMENT DIST. NO 3. (No. 1990.)

Court of Civil Appeals of Texas. El Paso. May 26, 1927.

Rehearing Denied June 16, 1927.

1. Levees and flood control ⚖➡5—Legislature, in absence of constitutional restriction, may create levee improvement district directly or by proceeding before commissioners' court (Laney Act).

In absence of constitutional restriction, it is competent for the Legislature to create a levee improvement district, directly or as authorized by the Laney Act (Acts 35th Leg. [4th Called Sess. 1918] c. 44), by a proceeding before the commissioners' court in which parties interested are cited to appear and present objections.

2. Levees and flood control ⚖➡5—Legislature properly delegated to commissioners' court power to create levee district after ample notice to parties interested (Laney Act).

Under Laney Act (Acts 35th Leg. [4th Called Sess. 1918] c. 44), adopted under authority of Const. art. 16, § 59, it was competent

for Legislature to delegate to the commissioners' court power to create levee districts after notice and hearing provided for therein, since such act makes ample provision for notice to parties interested of creation of proposed district.

3. **Constitutional law** ⬦⟹290(3)—**Levees and flood control** ⬦⟹2—**Law authorizing levee improvement districts held not unconstitutional as in violation of due process or confiscatory (Laney Act).**

Laney Act (Acts 35th Leg. [4th Called Sess. 1918] c. 44), adopted pursuant to Const. art. 16, § 59, providing for formation of levee improvement districts, *held* not in violation of due process clause of federal Constitution in that tax therein was confiscatory, since ample opportunity is afforded by the act to all interested persons to contest the formation of the district, with right to be heard upon the benefits assessed against their lands.

Appeal from District Court, Dallas County; Royall R. Watkins. Judge.

Suit by Dallas County Levee Improvement District No. 3 against the Prudential Insurance Company of America. Judgment for plaintiff, and defendant appeals. Affirmed.

Lyle Saxon, of Dallas, for appellant.

Goree, Odell & Allen, of Fort Worth, and W. P. Dumas, E. E. Hurt, and Claude D. Bell, all of Dallas, for appellee.

HIGGINS, J. Appellee, the Dallas county levee improvement district No. 3, was duly incorporated by order of the commissioners' court of Dallas county, under chapter 44, Acts Thirty-Fifth Legislature, Fourth Called Session, p. 97, commonly known as the Laney Act. Thereafter bonds of the district in the sum of $160,000 were regularly voted, issued and sold under the provisions of the act, and a tax levied .to pay interest upon the bonds and create a sinking fund.

This suit was brought by appellee against the Prudential Insurance Company of America, appellant, and others not necessary to mention, to recover taxes for the years 1920–23, levied against a tract of land in the district now owned by appellant. As to the taxes for the years 1920 and 1921, the court sustained a plea of limitation and denied recovery thereof.

Judgment in plaintiff's favor was rendered for the taxes for the years 1922 and 1923. with foreclosure of lien, and the Prudential Insurance Company appeals.

The Laney Act was adopted under the authority of the Conservation Amendment to the Constitution (section 59, art..16).

It is first asserted that it was not competent for the Legislature to delegate to the commissioners' court the power to create conservation and reclamation districts and levy taxes to pay for improvements therein as was done by the Laney Act, but that such dis-

tricts could only be created and taxes levied directly by the Legislature.

[1] In the absence of a state constitutional restriction it is competent for a Legislature to create such district directly, or as was provided by the Laney Act, by a proceeding before the commissioners' court in which the parties interested are cited to appear and present their objections. It. is for the state to determine the method which it will pursue in creating such districts. Houck v. Little River Drainage Dist., 239 U. S. 254, 36 S. Ct. 58, 60 L. Ed. 266. There is nothing in our Constitution which forbids the delegation of power to create the district to the commissioners' court as was provided by the Laney Act.

[2] The act in question is lengthy, and it will serve no useful purpose to summarize the same, but upon inspection thereof it will be found that ample provision is made for notice to and hearing of all parties interested in the formation of a proposed district. This being true, it was competent for the Legislature to delegate to the commissoners' court the power to create such district after such notice and hearing.

The Conservation Amendment itself declares that districts created thereunder shall be governmental agencies.

[3] In reply to the various propositions submitted by appellant asserting that the tax is confiscatory and violative of the due process clause of the federal Constitution, it will be found by referring to the act in question that ample opportunity was afforded all interested persons to contest the formation of the district and the right to be heard upon the benefits assessed against their lands as the basis of the tax levied against the same. The constitutional rights of the landowners are jealously guarded by the act, and these propositions are all without merit. Dallas County Levee Improvement Dist. No. 3 v. Ayres (Tex. Civ. App.) 246 S. W. 1112; Rutledge v. State (Tex. Com. App.) 292 S. W. 164; . Hibben v. Smith, 191 U. S. 310, 24 S. Ct. 88, 48 L. Ed. 195.

The recent decision of the Supreme Court of the United States in Browning v. Hooper, 269 U. S. 396, 46 S. Ct. 141, 70 L. Ed. 330, has no present application. Under the provisions of the Road District Act (Complete Tex. St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914, art. 627 et. seq.), there considered· no provision whatever was made for a hearing of any character with reference to the creation of the proposed district. The road district was not created by act of the Legislature or of the commissioners' court. When a petition was presented to the commissioners' court, signed by the requisite number of property owners, the court, without a hearing of any character, was required to order an election as to whether road bonds should be issued within the ter-

ritory prescribed as a district by the property owners in their petition. The commissioners' court was granted no discretion in the matter. As stated by the Supreme Court in its opinion:

"There is nothing in the law to guide or to limit the action of the signers of the petition in selecting property to be assessed. Subject to the vote of a district of their own choice, the petitioners' designation is absolute. The commissioners' court has no power to modify or deny; it is bound to grant the petition."

Under the provisions of the Laney Act, however, full and ample provision is made for a hearing by the commissioners' court of a petition for the creation of a levee district, and the creation of the district is left to the discretion of the commissioners' court after ample notice and full hearing.

Appellee by cross-assignments complains of the ruling that the taxes for 1920 and 1921 were barred by limitation. The ruling was correct under the recent decision of the Commission of Appeals in Rutledge v. State, supra.

Affirmed.