## STATE, for DALLAS COUNTY BOIS D'ARC ISLAND LEVEE DIST., v. GLENN.
### (No. 10198.)

Court of Civil Appeals of Texas. Dallas.
July 28, 1928.

Certified to Supreme Court.

Levees and flood control ⬬27—Defense of limitation is not available against action for delinquent taxes due district organized under Laney Act (Acts 35th Leg. 4th Called Sess. (1918) c. 44; Rev. St. 1925, arts. 7298, 7329, 8016).

The defense of limitation is not available against action for delinquent taxes due a levee improvement district organized under the Laney Act (Acts 35th Leg. 4th Called Sess. (1918) c. 44; the Laney Act, by Rev. St. 1925, art. 8016 (being section 42 of the Laney Act), by its general provision that the collection of the delinquent taxes of such districts shall be governed by the "laws" applying to the collection of delinquent state and county taxes, adopting by reference, as an integral part of its provisions, not only article 7298 (previously enacted), providing that no statute of limitations may be relied on as a defense against payment of state or county taxes, but also article 7329 (subsequently enacted), providing that there shall be no defense to an action for delinquent taxes other than as there enumerated, in which enumeration limitations is not included.

Appeal from District Court, Dallas County; Joel R. Bond, Judge.

Action by the State, for the benefit of Dallas County Bois d'Arc Island Levee District, against Martin C. Glenn. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

See, also, 288 S. W. 165.

Claude D. Bell, of Dallas, and Goree, Odell & Allen, of Fort Worth, for appellant.

Lee R. Stroud, McCormick, Bromberg, Leftwich & Carrington, and G. W. Schmucker, all of Dallas, for appellee.

JONES, C. J. This is an appeal duly prosecuted from a judgment in a district court of Dallas county, in which appellant, the state

---

of Texas, suing for the benefit of Dallas County Bois d'Arc Island Levee District, was denied a recovery against appellee, Martin C. Glenn, for taxes alleged to be due the levee district for the years 1921-22. The only defense urged by appellee to the suit is the two-year statute of limitation, and this defense was presented by proper plea, and by proof of the fact that more than two years had elapsed, since the taxes for each of the two years had become delinquent before the filing of this suit. The taxes assessed against appellee's land for the two years in question amounted to the sum of $1,946.09.

Appellant contended in the lower court, and duly presents such contention in this court, that the right to plead, or in any manner to rely upon, any statute of limitation, as a defense against the payment of the taxes sought to be recovered in this suit, is denied to appellee by the law governing the collection of delinquent taxes in all levee improvement districts, authorized by sections 59a and 59b of article 16 of the Constitution of the state, and created under the provisions of chapter 44 of the General Laws of the Fourth Called Session of the Thirty-Fifth Legislature, commonly known as the "Laney Act," under which act the Dallas Bois d'Arc Island Levee District was created. This contention presents the only question for decision in this case.

In 1879, the Sixteenth Legislature, at its First Called Session enacted very elaborate legislation to enforce the collection of delinquent taxes. The title to this legislation is "An act to enforce the collection of delinquent taxes." Section 16 of this act reads:

"No delinquent taxpayer shall have the right to plead in any court or in any manner rely upon any statute of limitation by way of defense against the payment of any taxes due from him or her, either to the state or any county, city or town."

This statute remained a part of the taxing laws of this state until the adoption of the 1895 codification, from which, for some unexplained reason, it was omitted. However, on this omission being discovered, the first called session of the 1895 Legislature adopted a law on the subject in the precise terms of said section 16, and in such form it has remained as an integral part of the taxing laws of this state, now being article 7298, R. C. S. 1925. The history of this legislation is given, for the purpose of showing that the state nearly 50 years ago adopted the policy to exempt taxes from the operation of its limitation laws. This declared policy of the state should be considered in construing the legislation herein discussed.

This statute is specific in its terms, and has been construed not to deny to a defendant the right to rely upon the defense of limitation against the enforced payment of taxes, other than for taxes due the state, a county, city, or town, unless the legislative act creating, or authorizing the creation of, some other municipality or political subdivision, provides that its terms shall apply thereto. T. & P. Ry. Co. v. Ward County Irr. Dist. No. 1 (Tex. Com. App.) 270 S. W. 542. Under the Laney Act, no procedure is provided for the collection of delinquent taxes in levee districts, organized under its provisions, other than that embraced in article 8016, R. C. S. 1925, being section 42 of the original act, and which reads as follows:

"Tax collectors of levee improvement districts shall perform all duties and exercise all powers in respect to delinquent taxes due levee improvement districts as may be provided by law for the collection of delinquent state and county taxes, and the collection of such delinquent levee improvement district taxes and sales of property therefor shall be governed by the laws applying to the collection of delinquent state and county taxes and foreclosure decree therefor shall include writ of possession. The supervisors are also given the power and authority to collect such delinquent taxes, and to institute and prosecute suits in the name of the district for their collection; and such districts are also authorized to do and perform all other things that may be necessary for the collection of such taxes. Taxes levied under this law shall be a first and prior lien upon all property against which they are assessed, and shall be payable and shall mature and become delinquent as provided by law for state and county taxes."

This statute specifically vests tax collectors of levee improvement districts, created under the provisions of the Laney Act, with all powers in respect to delinquent taxes due to such levee districts that are vested by law in collectors of state and county taxes, and charges them with the performance of all duties with which such collectors of state and county taxes are charged. It also subjects the delinquent district taxpayer to the same penalty for failure to pay his district taxes as is visited by law upon him for failure to pay his state and county taxes. That the existing laws, defining the powers and prescribing the duties of tax collectors in reference to state and county delinquent taxes, are thus adopted by reference and thereby made a part of the law governing levee districts created under the Laney Act, it seems to us, cannot be questioned. Trimmier v. Carlton, 116 Tex. 572, 296 S. W. 1070-1074; 25 R. C. L. pp. 907, 908.

This statute (article 8016) does more than merely to adopt by reference the provisions of the general law, which defines the powers and prescribes the duties of collectors of state and county taxes in reference to delinquent taxes. In addition thereto it provides that:

"* * * The collection of such delinquent levee improvement district taxes and sales of property therefor shall be governed by the laws

applying to the collection of delinquent state and county taxes. * * * "

It is clear that the Laney Act, by the use of this language, adopted by reference, as an integral part of its provisions, the laws that apply to the collection of delinquent state and county taxes, and thereby make such laws govern suits to enforce the collection of delinquent taxes in a district created under the authority of such act. A law thus adopted is article 7298, supra, which denies the right to plead the statute of limitation as a defense to the payment of taxes due the state or county; and by virtue thereof the right to plead a statute of limitation, as a defense to a tax suit to recover delinquent taxes due a levee district created under such act, is effectually taken away. In thus excepting from its limitation laws a claim of a levee district for delinquent taxes, the state is only adhering to a policy announced by the 1879 enactment.

If laws are adopted by specific descriptive reference to existing statutes, then such statutes are taken as they existed at the time the adopting act was passed, and are not affected by any subsequent amendment or addition thereto. If, however, the adopting statute contains no such descriptive reference to a particular statute, but refers to the law generally which governs a particular subject, the adoption by reference takes not only the law in force at the date of the adopting act, but also contemplates that all subsequent laws on the particular subject referred to shall become a part of the adopted law, when enacted, provided such laws are consistent with the purpose of the adopting act. Trimmier v. Carlton, supra; 25 R. C. L., supra. In the statute under consideration there is no descriptive reference to any existing statute, but all laws applying to collection of delinquent state and county taxes are adopted. Such adoption makes the law on the subject, as it existed at the time of the institution and trial of a case, and not the law as it existed at the date of the passage of the adopting act. In 1923 the Legislature enacted article 7329, R. C. S. 1925, as an addition to the existing law governing the collection of delinquent taxes. This article reads:

"There shall be no defense to a suit for collection of delinquent taxes, as provided for in this chapter except:

"1. That the defendant was not the owner of the land at the time the suit was filed.

"2. That the taxes sued for have been paid, or

"3. That the taxes sued for are in excess of the limit allowed by law, but this defense shall apply only to such excess."

Under the quoted provision of article 8016, this statute became a part of the Laney Act and restricted appellee's defense to its provisions. We therefore are of the opinion that the court erred in allowing to appellee the defense of limitation to this suit. Dallas County Levee Imp. Dist. No. 6 v. Curtis (Tex. Civ. App.) 287 S. W. 301; Dallas County Levee Imp. Dist. No. 6 v. Unknown Heirs of Harris (Tex. Civ. App.) 295 S. W. 293; H. Bascom Thomas v. Dallas County Levee Imp. Dist. No. 6 (Tex. Civ. App.) 7 S.W.(2d) 639.

We do not believe the case of Rutledge v. Ellis County Levee Imp. Dist. No. 3 (Tex. Com. App.) 292 S. W. 164, is authority against the holding here. The levee district in the reported case was not created under the Laney Act, but under the Levee District Act of 1915 (Acts 34th Leg., c. 146), commonly called the "Canales Act." The provisions of the Canales Act, which adopted by reference the laws on the subject of the collection of delinquent state and county taxes, are very similar in their terms as article 8016, with one significant exception. This exception is that there is no such provision in the Canales Act that:

"The collection of such delinquent levee improvement district taxes and sales of property therefor shall be governed by the laws applying to the collection of delinquent state and county taxes."

In other words, collectors of taxes for levee districts, created under the Canales Act, have only their powers and duties on this subject defined, and cannot claim the benefit of "the laws applying to the collection of delinquent state and county taxes," for such laws were not adopted by any such provision in the Canales Act. This distinction between the two acts is apparently overlooked in the case of Prudential Insurance Co. of America v. Dallas County Levee Dist. No. 3 (Tex. Civ. App.) 296 S. W. 974. In that case, the levee improvement district was created under the Laney Act, and the decision holds that the question under discussion was foreclosed by the decision of the Commission of Appeals in the Rutledge Case. To this conclusion we cannot agree.

It therefore follows that this case must be reversed, and here rendered in favor of appellant for the sum of $1,946.09, the amount of the taxes due for the years 1921 and 1923, with interest at the rate of 6 per cent, per annum from June 10, 1927, the date of the judgment in the lower court, together with all costs.

Reversed and rendered.