**STATE FOR DALLAS COUNTY BOIS D'ARC ISLAND LEVEE DIST. v. GLENN.**
(Motion No. 8488; No. 1162—5136.)

Commission of Appeals of Texas, Section A.
April 10, 1929.

CRITZ, J. This cause is now before us on motion for rehearing, and for the first time plaintiff in error contends that this suit is not subject to any period of limitation, and

not barred by the two-year statute of limitation because it is not a personal action, but a proceeding in rem brought under the provisions of article 8017, R. C. S. of Texas, 1925. In other words, it is contended that suits for taxes brought under the provisions of said article 8017 are proceedings in rem and not personal actions, and therefore no statutes of limitation can constitute a defense in any case.

An examination of the certificate and record before us discloses that the suit at bar was not brought under the provisions of article 8017, but under preceding articles of the statutes. However, even if we concede that a construction of article 8017, as applied to the statutes of limitation, is involved in the question certified, still the laws of limitation would apply with equal force. It is well settled in this state that a mortgage is so completely an incident of the debt which it is given to secure that, if the debt is barred by the statute of limitations, the creditor is without remedy under his mortgage, nor can he dispossess the mortgagor of land by suit after the bar is complete. Blackwell v. Barnett, 52 Tex. 326; Duty v. Graham, 12 Tex. 427, 62 Am. Dec. 534; Ross v. Mitchell, 28 Tex. 150; Perkins v. Sterne, 23 Tex. 561, 76 Am. Dec. 72. For other authorities see Vernon's Annotated Civil Statutes of Texas, 1925, vol. 16, p. 408. We think that under this rule that, when the tax is barred by the statute of limitations, the lien given by law to secure the same is also barred. We are cited to no authority holding to the contrary.

We have given careful consideration to this motion and argument filed therewith, and still adhere to the views expressed in our original opinion.

We therefore recommend that said motion be in all things overruled.