## DALLAS COUNTY BOIS d' ARC LEVEE DIST. v. GLENN. (No. 10198.)

Court of Civil Appeals of Texas. Dallas. April 27, 1929.

 

For former opinion, see 8 S.W.(2d) 1101.

Claude D. Bell, of Dallas, and Goree, Odell & Allen, of Fort Worth, for appellant.

Lee R. Stroud, McCormick Bromberg, Leftwich & Carrington and G. W. Schmucker, all of Dallas, for appellee.

JONES, C. J. In the original opinion in this case, reported in (Tex. Civ. App.) 8 S.W. (2d) 1101, judgment was entered reversing and rendering this case in favor of appellant. On motion for rehearing, the single question involved was certified to the Supreme Court. This question was as to whether taxes duly levied by a levee district, created under what is known as the "Laney Act," and which taxes had become delinquent for more than two years previous to the filing of the suit to enforce collection, are exempt from the operation of the two-year limitation statute. The only law applicable to the collection of such delinquent taxes by such a levee district is contained in article 8016, R. S. 1925, which article is a part of the "Laney Act." This article, after adopting by reference the statutory procedure for the collection of delinquent state and county taxes, then declares that " * * * the collection of such delinquent levee improvement district taxes and sales of property therefor shall be governed by the laws applying to the collection of delinquent State and county taxes. * * * " ,

In its opinion, this court held that articles 7298 and 7329, R. C. S. 1925, both of which deny the right of delinquent taxpayers to plead limitation as a defense against the payment of state, county, and municipal taxes, thus became a part of the "laws applying to the collection of delinquent State and county taxes," and therefore the right to plead limitation as a defense in such suit is denied. Judgment was entered by this court in accordance

with such holding. The question, however, was certified to the Supreme Court before passing on appellee's motion for rehearing. The Supreme Court, through the Commission of Appeals, answered the certified question to the effect that neither of such statutes was adopted by reference, and that the defense of limitation can be successfully pleaded in a suit by a levee district, created under the "Laney Act," (Acts 35th Leg., 4th Called Sess., c. 44) to enforce collection of delinquent taxes. State v. Glenn, 13 S.W.(2d) 337 [rehearing denied 15 S.W.(2d) 1028].

This holding becomes the law of this case, and is binding on this court, for which reason the motion of appellee for rehearing must be granted, the judgment heretofore entered set aside, and judgment entered affirming the judgment of the lower court, and it is so ordered.