### CARPENTER v. ARROYO–COLORADO NAV. DIST. OF CAMERON AND WILLACY COUNTIES.

No. 10200.

Court of Civil Appeals of Texas. San Antonio.

Dec. 15, 1937.

H. B. Galbraith, of Brownsville, for appellant.

Brown & Criss, of Harlingen, for appellee.

SMITH, Chief Justice.

A. J. Carpenter, one of the three commissioners of Arroyo-Colorado Navigation District of Cameron and Willacy Counties, sued that district for compensation alleged to be due him for services performed by him in behalf of the district while acting as such commissioner. The trial judge sustained the general demurrer to appellant's petition, and, upon his refusal to amend, dismissed the cause. Carpenter has appealed. It is conceded that he was regularly elected and duly inducted into said office for the term embracing the matters here involved. It is also conceded that the district was regularly organized and is operating under appropriate constitutional and statutory provisions. Article 16, § 59, Const.; Title 128, c. 9, R.S.1925, as amended, Vernon's Ann.Civ.St. art. 8198 et seq.

The parties agreed upon certain stipulated facts, to be considered by the trial court and this court in determining the sufficiency of appellant's petition as against appellee's general demurrer.

It is provided by appropriate statute that commissioners of districts such as appellee "shall each receive for their services such compensation as may be fixed by the commissioners' court and· made of record." Article 8263h, § 13, Vernon's Ann.Civ.Statutes. It appears that appellee's board of commissioners considered the question of their compensation, the minutes of the district showing that "The matter of compensation for their services in attending meetings of the Board came up for consideration and it was decided that the Commissioners should be paid the sum of $5.00 and expenses for each meeting and a resolution to that effect was ordered to be submitted to the Commissioners' Court of Cameron County for such Court's approval."

In pursuance of that minute the commissioners then applied to the commissioners' court for an order fixing compensation "To each of the Commissioners for each regular and called session of the Arroyo Colorado Navigation District of Cameron and Willacy Counties, Texas."

The commissioners' court, in pursuance of that application, made and entered upon its minutes an order that appellee's com-

missioners "Be allowed $5.00 and expenses each as compensation for each regular and called meeting of the Commissioners of the Arroyo Colorado Navigation District of Cameron and Willacy Counties, Texas."

In the year next ensuing after their salaries had been so fixed as provided by law, and covering the period here involved, the district commissioners held 232 meetings. But appellant was not in attendance upon any of those meetings. He alleged that he was at all times "willing and able to attend such meetings," as stated in his brief, but he did not allege any reason for not attending them, or that he was in any manner or by any agency prevented from attending.

The statute provides various duties to be performed by the commissioners with relation to the affairs of the district. Article 8263h, §§ 17 to 42, inclusive. But all those duties are performable by the commissioners as a body; none may be performed by an individual member in a manner to bind the district or other persons or entities. And neither by statute nor by action of the board or the commissioners' court is any compensation provided for the individual services of the commissioners in connection with district affairs. The only compensation so provided for the commissioners of appellee district is that mentioned, to wit, for attendance upon the regular and called meetings of the commissioners as a body. That compensation was not provided by the Legislature, but by a designated agency, authorized thereunto by the Legislature. The provision for such compensation, made by other power than legislative, and payable out of public funds, will be strictly construed in favor of the government; it will not be extended to services not expressly included in the letter of authority.

Now, appellant, in the face of an affirmative showing that he failed to earn the compensation provided for in the order of the commissioners' court relied on, by voluntarily absenting himself from attendance upon board meetings, alleges that he did earn that compensation by various individual efforts in behalf of the district, such as, according to appellee's brief, checking the funds of the district, informing himself of dredging operations, regular trips to the scene of operations, conferring with individuals, checking garbage moved, consulting with district engineer, conferring with taxpayers, making repeated trips of inspection to Brownsville. None of those duties are prescribed for the individual commissioners; they are those either prescribed for the district engineer, or naturally falling upon the district office or clerical force, and no provision has been made for compensating commissioners for performing them. The only compensation prescribed for commissioners is for their services in attending official meetings of the board, and as the record shows appellant did not perform that service, he has not earned, and may not recover, compensation therefor.

We are of the opinion that appellant's petition did not state a cause of action, and that the general demurrer thereto was properly sustained.

The judgment is affirmed.