**ARROYO COLORADO NAVIGATION DISTRICT OF CAMERON AND WILLACY COUNTIES, Appellant,**

v.

**John M. YOUNG, Receiver et al., Appellees.**

No. 10357.

Court of Civil Appeals of Texas.

Austin.

Dec. 7, 1955.

Rehearing Denied Jan. 4, 1956.

E. P. Yates, Brownsville, for appellant.

Davenport & Ransome, C. S. Eidman, Jr., Jack Wiech, Brownsville, for appellees.

ARCHER, Chief Justice.

This is a scire facias proceeding, instituted by appellant on February 26, 1954, in the 103rd Judicial District of Cameron County, Texas, to revive a judgment for the sum of $213,517.52 rendered by that court against several defendants, including the appellees herein, on March 31, 1933. No execution has ever been issued on said judgment, nor has the life of said judgment been extended by scire facias or an action of debt. The trial court ruled that the present proceeding is barred by limitation as provided by Article 5532 of the Revised Statutes, and, basing its action on that ruling, the court rendered judgment against appellant.

The appeal is predicated on one assignment of error and is that

"The trial court erred in sustaining the pleas of limitation of appellees and in overruling and denying appellant's scire facias to revive said judgment, and thereby holding that the statutes of ten years limitation run against appellant's cause of action."

The appellant takes the position that the judgment is only dormant and that appellant is a governmental agency and that limitation does not run against it. Appellant further says the Navigation District was created under Section 59 of Article 16

of the State Constitution, Vernon's Ann. St., and functions for the benefit of the general public.

The appellees invoked Article 3773 and Article 5532, V.A.C.S., against the renewal of the judgment and the trial court found that the action is barred by the statutes of limitation.

We believe that the trial court was correct in sustaining the pleas of limitation of appellees and in overruling and denying appellant's scire facias to revive the judgment.

Article 5532 reads as follows:

"A judgment in any court of record, where execution has not issued within twelve months after the rendition of the judgment, may be revived by scire facias or an action of debt brought thereon within ten years after date of such judgment, and not after."

Article 3773 as amended in 1933 reads:

"If no execution is issued within ten years after the rendition of a judgment in any court of record, the judgment shall become dormant and no execution shall issue thereon unless such judgment be revived. If the first execution has issued within the ten years, the judgment shall not become dormant, unless ten years shall have elapsed between the issuance of executions thereon, and execution may issue at any time within ten years after the issuance of the preceding execution."

We believe that the judgment sought to be rendered is forever barred and not only dormant. Zummo Packing Co. v. Cotham, Tex.Com.App., 137 Tex. 517, 155 S.W.2d 600; Texas & P. R. Co. v. Ward County Irrigation District, Tex.Com.App., 270 S.W. 542.

Article 16, Sec. 59, Texas Constitution, provides for the conservation and development of all natural resources and for the creation of conservation and reclamation districts as may be found to be essential for such purposes.

Most if not all of the districts we have were created under Art. 16, Sec. 59 or have been converted either by an Act of the Legislature or by the voters of such districts, and generally are Water Improvement Districts. Article 7622 et seq.; Water Control Districts, Article 7808 et seq.; Water Control and Improvement Districts, Article 7880-1 et seq.; Fresh Water Districts, Article 7881 et seq.; Levee Improvement Districts, Article 7972 et seq.; Navigation District, Article 8198 et seq.

Navigation Districts generally have additional powers provided by Article 8263h, §§ 1 to 50. This particular District is operating under Article 16, Sec. 59 and Article 8263h, §§ 1 to 50.

Carpenter v. Arroyo-Colorado Nav. Dist. of Cameron and Willacy Counties, Tex. Civ.App., 111 S.W.2d 822.

In Willacy County Water Control and Improvement District No. 1 et al. v. Abendroth, 142 Tex. 320, 177 S.W.2d 936, 937, our Supreme Court held that

"Irrigation districts, navigation districts, levee and improvement districts, and like political subdivisions created under Section 59(a) of Article XVI of the Constitution, and statutes enacted thereunder carrying out the purposes of such constitutional provision, are not classed with municipal corporations, but are held to be political subdivisions of the State, performing governmental functions, and standing upon the same footing as counties and other political subdivisions established by law."

We do not believe that Linz v. Eastland County, Tex.Com.App., 39 S.W.2d 599, 77 A.L.R. 1466, is in point. This case is discussed in Hatcher v. State, Tex.Com.App., 125 Tex. 84, 81 S.W.2d 499, 98 A.L.R. 1213, and cases cited therein.

The most recent case on the application of limitation statutes to districts created under Art. 16, Sec. 59 of our Constitution is Sam Bassett Lumber Co. v. City of Houston, 145 Tex. 492, 198 S.W.2d 879, and

in which case the Court discussed the question fully.

The judgment of the trial court is affirmed.

Affirmed.

HUGHES, Justice.

I concur in the Court's opinion but desire, briefly, to state my views.

Appellant District was created under authority of Art. 16, § 59, of our Constitution, which provides, in part:

"There may be created within the State of Texas, or the State may be divided into, such number of conservation and reclamation districts as may be determined to be essential to the accomplishment of the purposes of this amendment to the Constitution, which districts shall be governmental agencies and bodies politic and corporate with such powers of government and with the authority to exercise such rights, privileges and functions concerning the subject matter of this amendment as may be conferred by law."

Art. 8263a, V.A.C.S., pertaining to Navigation Districts, was enacted pursuant to the above amendment and Sec. 4 thereof provides, in part, that such Districts

"* * * shall be Governmental Agencies and bodies politic and corporate with such powers of Government and with the authority to exercise such rights, privileges, and functions as may be essential to the accomplishment of * * *"

the purposes for which they were created.

Consistent with these provisions is the opinion in Willacy County Water Control and Improvement District No. 1 v. Abendroth, quoted from in the Court's opinion, which held, on grounds of public policy, that a Water Control District created under Sec. 59, Art. 16, supra, was not amenable to garnishment statutes. It is to be noted that in the quotation made by the Court from Abendroth that districts created under this constitutional provision

"are not classed with municipal corporations, but are held to be political subdivisions of the State, performing governmental functions, and standing upon the same footing as counties and other political subdivisions established by law."

The above observations would lead, it seems to me, logically to the conclusion that districts such as appellant would not be amenable to the general statutes of limitation involved here since there is no statute subjecting them thereto, under the rule that political subdivisions, other than municipal corporations, when acting in a governmental capacity are not bound by general laws of limitation. See Delta County v. Blackburn, 100 Tex. 51, 93 S.W. 419; Linz v. Eastland County, Tex.Com.App., 39 S.W.2d 599, 77 A.L.R. 1466; Comanche County v. Burks, Tex.Civ.App., 166 S.W. 470, writ ref.

On the other hand the Bassett case, a suit for taxes by the city and school district, cited by the Court, states that the two year statute of limitations was available as a defense to tax suits brought by irrigation and levee districts at times when there was no contrary statute citing Texas & P. R. Co. v. Ward County Irr. Dist., Tex. Com.App., 270 S.W. 542; Rutledge v. State, 117 Tex. 342, 292 S.W. 164, 7 S.W.2d 1071; State for Dallas County Bois D'Arc Island Levee Dist. v. Glenn, 118 Tex. 334, 13 S.W.2d 337, 15 S.W.2d 1028.

The Glenn case went to the Supreme Court on a certified question the question being whether or not a levee district, created under statutes enacted under Art. 16, Sec. 59, of the Constitution, was exempt from the operation of general statutes of limitation. The question was answered in the negative upon the authority, principally, of Rutledge v. State, supra. Texas & P. R. Co. v. Ward was not cited.

The Rutledge case also went to the Supreme Court on a certified question. It involved a county levee improvement district organized under statutes enacted prior (1915) to adoption of Art. 16, Sec. 59 of

the Constitution (1917). The question presented was whether or not the general two year statute of limitation was available as a defense to taxes due for the years 1917 and 1920. The answer was "yes", the Court basing its decision upon the Texas & P. R. Co. v. Ward County case.

The Irrigation District in the Ward County case was organized under statutes enacted pursuant to Art. 16, Sec. 59 of the Constitution. That case reached the Supreme Court by writ of error. It was held that the general two year statute of limitations was applicable in a suit by the district for taxes. The only case cited to support its decision was Mellinger v. City of Houston, 68 Tex. 36, 37, 3 S.W. 249.

The Mellinger case involved a city suing for taxes. The Court held, following cases of its own as well as cases from other jurisdictions, that limitations would run against a municipal corporation unless exempted by statute. This case was referred to by Judge Williams in Delta County v. Blackburn, supra [100 Tex. 51, 93 S.W. 422], from which I quote:

> "In the case of Coleman v. Thurmond, 56 Tex. 514, it was broadly stated that the statute did not run against a county, for the reason that it was a part of the State, performing a portion of its governmental functions, and entitled to the immunity that belonged to it. In Houston & Texas Central Railway Co. v. Travis County, 62 Tex. [16] 18, the principle was limited to cases 'where the sovereignty is substantially interested in and vested with the right and ownership of the subject matter in litigation and which is sought to be subjected to the operation of the statutes of limitations,' and it was, in effect, held that in other classes of cases the statute operates against counties. This distinction seems to be generally observed with reference to municipal corporations and to protect causes of action asserted by them when 'they are of a public nature, and such as pertain purely to governmental affairs.' 17 Am. & Eng.

Ency. Law, 191, and cases cited. It would be difficult to apply the principle thus expressed in favor of towns and cities consistently with some of our own decisions. [Mayor, etc., of City of] Galveston v. Menard, 23 Tex. [349] 408; Mellinger v. City of Houston, 68 Tex. [37] 40–41, 3 S.W. 249, but, as we have seen, it has been applied in favor of counties which, when suing substantially in behalf of the state, are treated with respect to this question as if they were the state."

I believe the law should be as declared by Judge Williams and as approved, in principle, in Abendroth, but I do not believe this Court has the power to so declare it in view of the specific holdings in the Ward, Rutledge and Glenn cases.

GRAY, Justice.

I concur in the conclusion reached by Chief Justice ARCHER in affirming the trial court's judgment. I also agree with Justice HUGHES in his concurring opinion. However I do not think the opinion of the Supreme Court in Sam Bassett Lumber Co. v. City of Houston cited by the Chief Justice decides the question here presented. The holding is applicable here only because of the reasoning contained in the opinion. That was a suit for taxes due the city and school district for years subsequent to the 1932 amendment of Sec. 55 of Art. 3, Texas Constitution. There the Court discussed authorities holding that the defense of limitation did not violate Sec. 55 of Art. 3 as it existed prior to its amendment in 1932. The Court said [145 Tex. 492, 198 S.W.2d 882]:

> "That the Legislature, notwithstanding the constitutional inhibitions, had the power to enact such legislation governing the collection of taxes due any taxing unit, is beyond question. (Citing authorities.) That is true, if for no other reason, simply because such limitation statutes do not release or extinguish the debt, but merely affect the remedy when its enforcement is sought."